364 S.E.2d 267

**In re Steven Edward LIVESAY, Thomas Newton Livesay, Infants.**

**No. 17255.**

Supreme Court of Appeals of West Virginia.

Dec. 21, 1987.

Clinton W. Smith, Charleston, for Nancy Livesay.

Robin Godfrey, Charleston, for the Waynes.

PER CURIAM:

This is an appeal by Nancy Livesay from an order entered by the Circuit Court of Clay County on June 12, 1985, in a proceeding involving the custody of Steven Edward Livesay and Thomas Newton Livesay (Tom), whose father, Thomas Edward Livesay, died on December 8, 1984. The circuit court awarded David A. Wayne and Nancy D. Wayne, the father's sister and her husband, permanent custody and control of Steven.[1] The court further awarded the Waynes temporary custody of Tom with visitation rights to Nancy A. Livesay, the infant's mother. On appeal, Nancy Livesay argues that the trial court erred in awarding custody of Tom to the Waynes. After examining the record, we believe that the trial court did not abuse its discretion and affirm its order.

Tom was born February 8, 1978, and lived with both parents until their separation in 1980. A 1980 divorce order granted temporary custody of Tom to his mother. They lived with her aunt and uncle in New York state, then with her parents in Florida.

Mr. Livesay also moved to Florida and Tom spent periods of time living with him. In the Spring of 1982, Nancy Livesay sent Tom to stay with her sister and brother-in-law, Edith and Theodore Smith, in New York state. Subsequently, she signed a voluntary agreement consenting to the Smiths' adoption of Tom.

Before the Smiths petitioned for adoption in the family court of the State of New York, Mr. Livesay sought custody of his son in a Florida court. The Florida court ordered Tom's return from New York, but this was only accomplished in August, 1982 after the court found Nancy in contempt.

Thereafter a yearlong custody fight ensued. In June, 1983, Nancy Livesay voluntarily agreed that it was in Tom's best interest for his father to have custody. The court entered an order on July 7, 1983, reflecting the parties' voluntary stipulations, which granted Mr. Livesay custody of his son.

Mr. Livesay and his sons, Steven and Tom, lived in New York state until his death on December 8, 1984. Because of his illness, in July, 1984, Mr. Livesay voluntarily placed his two sons in a foster home through the New York Department of Social Services. Mr. Livesay, as well as Nancy Livesay and her family members, visited the children while they resided in the foster home. At Mr. Livesay's death, the Department of Social Services, who had custody of Steven and Tom, summoned the Waynes to New York to pick up the children.

On January 17, 1985, the Waynes filed a petition for custody of Steven and Tom which resulted in an April 8, 1985 custody hearing. At the conclusion of that hearing, the court found that the Waynes had not proven Nancy Livesay unfit nor that she had abandoned Tom. However, the court concluded that it was not sure Nancy Livesay was ready to accept Tom in all respects and devised a "blend in" plan to reunify her with Tom. The court granted temporary custody of Tom to the Waynes for the "blend in" period.

This Court established the standard for reviewing an award of custody to persons other than a natural parent in *Stout v. Massie*, 140 W.Va. 731, 88 S.E.2d 51 (1955), where we said in Syllabus Point 1:

"A decree of a trial chancellor awarding custody of an infant to persons other than its natural parent will not be disturbed on appeal in the absence of a showing that the chancellor's discretion has been abused."

In reviewing the trial court's award of temporary custody of Tom to the Waynes, we find that the court did not abuse its discretion. The record reveals that between May, 1982, and January, 1985, Tom resided with his mother for only four and one-half months. Twice during that time period Nancy Livesay signed voluntary agreements relinquishing custody of Tom. In May, 1982, her voluntarily relinquishment of Tom for adoption by the Smiths was only stopped by Mr. Livesay's custody

---

1. The custody of Steven, who was born of his father's first marriage, is not before us in this appeal.

petition. An agreement of adoption and consent signed by Nancy on May 3, 1982, appears as an exhibit in the record of this case.

In June, 1983, Nancy Livesay signed a voluntary stipulation that it was in Tom's best interest to grant Mr. Livesay custody of Tom. The trial court described Nancy Livesay's conduct surrounding voluntary relinquishment as "very checkered" and her testimony as so incredible "that [it] strains the court's imagination about the adoption proceedings here."

The trial court also found significant Nancy Livesay's denial of any knowledge that Tom was in foster care for five months during his father's final illness. The record contains an evidentiary deposition by Ella Debra Ladlee, Tom's child welfare case worker from July, 1984 through December, 1984. Ms. Ladlee arranged and supervised Tom's foster care placement.

Ms. Ladlee testified that she had discussions with Nancy Livesay's parents and other family members concerning placement of the children, and arranged visits with the family members. Nancy Livesay testified that in July, 1984, during her usual visit with her family in New York state, she saw Tom. She stated that Tom was staying with "babysitters" when she picked him up. The trial court again found that there were "holes in her direct testimony."

The court expressed grave concern over Tom's welfare citing the lack of stability in his life. Tom's primary bond appeared to be with his older half-brother Steven. At the time of the hearing, the court did not believe that Tom could exist without Steven.

Based on this record, the court devised the "blend in" plan to facilitate reunification between Tom and his mother. The plan evidenced an intention to meet the goal in a manner protecting Tom's best

interests by allowing him to remain with Steven during the transition. The court's order set liberal visitation rights during the summer and at Christmas and reasonable telephone and mail access between the parties and Tom. The court retained jurisdiction of the case.[2] We cannot say that this plan is an abuse of the trial court's discretion. It was a reasonable approach to reunify a mother who, because of her voluntary relinquishment, had not lived with her son for over three years.

For the reasons stated, the judgment of the Circuit Court of Clay County is affirmed.

Affirmed.

---

2. We note that the Waynes filed a Motion to Dismiss Appellant's appeal because of her retention of Tom during the 1986 Christmas visitation. While we denied the motion and do not

consider those facts in this appeal, the appellant's unclean hands may be considered by the trial court during final disposition of this matter.